# Air Canada, Plaintiffs, v Victor Golowaty et al., Defendants.

District Court of Nassau County, First District, January 11, 1989

**APPEARANCES OF COUNSEL**

*Kroll & Tract (Peter Hoenig* of counsel), for plaintiff. *Victor Golowaty* and another, defendants *pro se.*

**OPINION OF THE COURT**

B. Marc Mogil, J.

At an inquest held before me in Civil Part 3 on November 4,

1988, plaintiff testified and submitted conclusive proof that codefendant Valerie Jean Golowaty incurred debts in the United States of America from January 1984 to October 1986 on an Air Canada "En Route (Mastercharge) Credit Card" (No. 139-588-1) in the amount of $7,315.07 (Canadian).

■ Although the summons and complaint asked for a money judgment in a foreign currency, counsel has submitted proof of the exchange rates from Canadian to United States dollars during the applicable period from January 1984 through October 1986. The court takes judicial notice of said exchange rates as reported in the New York Times during the aforesaid period. In accordance with the applicable foreign exchange rates, the court finds as a matter of law that the courts of New York may make such interpretation; the appropriate conversion of the defendant's liability in the amount of $7,315.07 Canadian is determined to be $5,270.22 United States, and *sua sponte* amends plaintiff's complaint to conform to the proof which accrued at the time of the contractual obligation.

Accordingly, the court finds the plaintiff's damages in the instant action to be in the amount of $5,270.22 with interest thereon from October 1, 1986, together with costs and disbursements.

■ In addition, defendants have erroneously jointly submitted a motion "for an order vacating the default judgment herein" and restoring the instant action to the Trial Calendar (which has been referred to me by the Hon. Charles G. Heine). Whereas a judgment has not yet been entered in this action, the court will treat defendants' motion as a motion to vacate their default in appearing at the date set for trial.

Defendant Victor Golowaty states in his affidavit that he was in the courthouse on the trial date, but that he had been directed to the wrong courtroom and thus missed the calendar call. He further concedes that an amount is owed the plaintiff by the defendants, but contends that such amount is "considerably less" than the amount demanded in the complaint.

■ The joint motion as it applies to Victor Golowaty is moot, since I find that plaintiff proved no liability against him. However as to defendant Valerie Jean Golowaty, I find she personally was *never* present, clearly defaulted, and has not provided a sufficient affidavit of merit or defense. Her motion

is denied, without prejudice to resubmit based upon her detailed financial records of the transaction.

As such, the clerk shall enter judgment against her alone in the amount of $5,270.22, with costs, disbursements and interest from October 1, 1986 as demanded; such entry shall be stayed for 30 days.